UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23054-CIV-JLK

MARIA A LEMBCKE and all others similarly )
situated under 29 U.S.C. 216(b), )
                              Plaintiff, )
   vs. )
1706 THOMAS ST, LLC., )
SIMON NEMNI, )
MICHEL CHOURAQUI, )
J. CHRISTIAN MARC, )
                            Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT J. CHRISTIAN MARC'S MOTION TO SET ASIDE CLERKS' DEFAULT [DE19]**

**COMES NOW** the Plaintiff, by and through the undersigned, and hereby files this Response in Opposition to Defendant J. Christian Marc's ("Defendant") Motion to Set Aside Default, filed as [DE19], and in support thereof states as follows:

1. Defendant J. Christian Marc was served with the Complaint on October16, 2018. [DE12]. Thus, Defendant's responsive pleading (i.e. Answer and Affirmative Defenses) came due on November 6, 2018. *See* [DE12].

2. On November 7, 2018, the Plaintiff moved for an entry of a Clerk Default against said Defendant pursuant to Fed. R. Civ. P. 55(a). [DE14].

3. On November 7, 2018, the Clerk entered a Default against the individual Defendant J. Christian Marc. [DE15].

4. Defendant did not file a timely responsive pleading (i.e. Answer and Affirmative Defenses, etc.) and/or move for an enlargement of time to file same.[1]

5. On November 14, 2018, one week after the entry of the Clerk Default, Defendant J. Christian Marc filed an Answer. [DE15].

6. Defendant had ample opportunity to respond to Plaintiff's Complaint and should not be awarded for his dilatory approach in failing to answer the Complaint. Defendant has not presented any good cause to substantiate his position that the underlying Default should be vacated. Defendant has willfully defaulted by displaying an intentionally and reckless disregard for the judicial proceedings. Defendant knew the requirements to answer the complaint in a timely manner and yet willfully chose not to do so. Further, Defendant has failed to meet the excusable neglect standard.

7. Therefore, Defendant's Motion [DE19] should be denied in its entirety and Plaintiff should be awarded fees related to the instant Response and all related work.

## MEMORANDUM OF LAW

Defendant has filed their motion to set aside a default pursuant to Rule 55(c) and 60(b) of the Federal Rule of Civil procedure. The undersigned would agree that the more relaxed analysis

---

[1] It is specious at best for Defendant to argue he lacked knowledge of the instant lawsuit and the pending deadlines as Plaintiff's counsel was in receipt of a letter from attorney Ron Cordon, Esq., of Cordon Law Offices, as of August 14, 2018, in response to Plaintiff's Florida Minimum Wage Letter sent in compliance with Florida Statute §448.110. Moreover, on August 22, 2018, Plaintiff's counsel sent, via email, a cease and desist letter to said counsel Cordon. On October 19, 2018, Plaintiff's counsel sent an email correspondence to counsel Cordon acknowledging receipt of a fax and inquiring as to whether he would be filing a notice of appearance. On October 22, 2018, Plaintiff's counsel received a call from counsel Cordon and did not speak with him but sent an email correspondence advising that it was counsel's understanding that counsel Cordon had called and requested for him to advise as to whether he would be filing a notice of appearance.

under 55(c) should apply for this case compared to the more stringent approach of 60(b) as the final judgment has not been entered in this case.

> Pursuant to Rule 55(c), a court may set aside an entry of default for good cause shown, while a default judgment may be set aside in accordance with Rule 60(b). Rule 60(b) allows the court to set aside a final judgment for excusable neglect, among other reasons. "The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default. The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 528 (11th Cir. 1990) (citations omitted).
>
> In this case, only an entry of default was made by the clerk and therefore Rule 60(b) (and the more rigorous excusable neglect standard) is not applicable. Thus, the Court need only determine whether good cause has been shown to set aside the entry of default. "Good cause is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." *CompaniaInteramericana Export-Import, S.A. v. CompaniaDominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). In determining whether to set aside a clerk's entry of default for good cause, courts consider factors such as: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest was implicated; (5) whether there was significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default. Id. If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. Id. at 951-52 (citing Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194-95 (6th Cir. 1986)).

*Idearc Inc. v. Kravitz Law Group, P.A*., 2010 U.S. Dist. LEXIS 54469, 6-7 (M.D. Fla. May 7, 2010).

Defendant's behavior in this case falls under the category of willful or reckless. If a party "willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. Id. at 951-52 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986)).*Idearc Inc. v. Kravitz Law Group, P.A*., 2010 U.S. Dist. LEXIS 54469, 6-7 (M.D. Fla. May 7, 2010). The facts herein are tantamount to a party willfully defaulting and/or displaying an intentional or reckless disregard for judicial proceedings and as such, Defendant's Motion [DE17] should be denied. *CompaniaInteramericana Exp.-Imp., S.A. v. CompaniaDomenicana De Aviacion*, 88 F.3d 948, 951-952 (11th Cir. 1996) (if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief). As Defendant recklessly and intentionally disregarded the Court's deadlines, Defendant's Motion to vacate should be denied in its entirety.

Plaintiff is prejudiced by the fact that Plaintiff's counsel has had to incur additional fees, including responding to Defendant's' instant Motion [DE19] and all related work. The Court should deny Defendant's Motion [DE19] in its entirety and enter an award of Plaintiff's counsel's fees for the instant Response and all related work. Should the Court feel inclined to vacate the Clerks Default, Plaintiff respectfully request Defendant cures said prejudice by paying Plaintiff these additional attorney's fees and costs as a precondition for the Court to lift the default as found by Judge Seitz in *Saperstein v. Palestinian Auth*., 2008 WL 4467535 (S.D. Fla. Sept. 29, 2008). Also, Plaintiff contends that not only would Plaintiff suffer prejudice if the default is vacated but the system as a whole would be prejudiced.

> However, federal courts should not abrogate the purposes served by Rule 55(a) by setting aside entries of default as a matter of course. Both the default entry and judgment play an important role in the maintenance of an orderly, efficient judicial system. They

> are significant weapons for enforcing compliance with the rules of procedure and therefore facilitate the speedy determination of litigation. The default procedure offers a useful remedy to a good faith litigant who is confronted by an obstructionist adversary. It also represents a means of encouraging an unwilling or uncooperative party to honor the rules established for litigation in the federal courts and provides the nondefaulting party an expeditious path to follow when his adversary does not do so or simply abandons the contest. But if default is to be an effective sanction, relief under Rule 55(c) cannot be granted too readily. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2693 (citations omitted).

*Atlanta Gas Light Co. v. Semaphore Adver., Inc.*, 747 F. Supp. 715, 718 (S.D. Ga. 1990). If Defendant could so cavalierly ignore the Court's deadlines, said deadlines would become meaningless as any Defendant could challenge and claim they had a meritorious defense. However, following this rationale, an unfair burden would be placed on the Court and Plaintiff, thereby prejudicing Plaintiff and the Court. If the Court grants Defendant's Motion [DE19] it would create a slippery slope of where Defendant in the future may choose to answer a complaint at their own volition. The Court's deadlines would be unenforceable, as any Defendant who were served with the summons and complaint, would be allowed to challenge service of process and then claim that they have a meritorious Defense, whether valid or not by simply stating that they deny the allegations in the complaint. As such, any Defendant will be allowed to answer the complaint at their earliest convenience, whether it is 21 days after service as required by the rules, or 90 days after service of process, whichever is more convenient for Defendant.

> This Court recently stated:
>
>> Constitutional due process requires that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94

> L. Ed. 865 (1950); *see also Prewitt Enters., Inc.*, 353 F.3d at 921 ("A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution 'as a matter of individual liberty' so that 'the maintenance of the suit . . . [does] not offend 'traditional notions of fair play and substantial justice.'") (*quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-03, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

*Chanel, Inc. v. Huan Sheng Lin*, 2009 U.S. Dist. LEXIS 36741 (S.D. Fla. Apr. 16, 2009). "Delay can amount to prejudice. *See S.E .C. v. Simmons,* 241 F. App'x 660, 664 (11th Cir.2007) ("We have held on numerous prior occasions that an inexplicable delay in filing a motion to vacate after learning of a default judgment precludes relief under 60(b)(1)."); *Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 935 (11th Cir.2007) ("The longer a defendant ... delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment.")." *Prof'l LED Lighting, Ltd. v. AAdyn Tech., LLC*, 14-CIV-61376, 2015 WL 1246287, at *3 (S.D. Fla. 2015).

Defendant has not filed a good reason for failure to file their Answer with the Court. The summons was clear as to the amount of time Defendant had to file an answer with the Court, yet Defendant failed to do so. Had Defendant thought the Plaintiff did not want to proceed with his claim they should have contacted his attorney to verify same, at the very least. Defendant has failed to meet the excusable neglect standard and their Motion [DE19] should be denied in its entirety.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THE COURT DENY DEFENDANT'S MOTION [DE19] IN ITS ENTIRETY AND ORDER DEFENDANT TO PAY ALL OF PLAINTIFF'S ATTORNEY FEES THAT HAVE BEEN ACCRUED TO DATE, INCLUDING HAVING TO FILE THIS PLEADING AND ALL RELATED WORK.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By: /s/ Neil Tobak
Neil Tobak, Esq.
Ntoba.zidellpa@gmail.com
Florida Bar Number: 93940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 12/5/18 TO:**

**Stanley L. Riskin, Esq.
Stan L. Riskin, P.A.
20801 Biscayne Boulevard, Suite 506
Aventura, FL 33180
PH: (305) 936-8844
Fax: (305) 627-3831
Email: SLRISKIN@AOL.COM**

**Patrick Patrissi
Lerman & Whitebook P.A.
2611 Hollywood Boulevard
Hollywood, FL 33020
954-922-2811
Fax: 922-2841
Email: patrick@lwlawfla.com**

**BY:__/s/____Neil Tobak_____
NEIL TOBAK, ESQ.**